UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR WAYNE COOPER,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>Defendants. | Case No. 15-cv-05800-JSW<br><br>**SCREENING ORDER AND ORDER SETTING CASE MANAGEMENT CONFERENCE**<br><br>Re: Docket No. 4 |

Plaintiff, an inmate at the California Institution for Men, originally filed his Complaint in the Superior Court of the State of California, County of San Francisco, through counsel. On December 17, 2015, Defendants removed the action to this Court, filed a waiver of reply, and a request for screening. (Docket Nos. 1, 4.) Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations and internal quotations omitted). Although in order to state a claim a plaintiff "does not need detailed factual allegations, … a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.

1  … Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and internal quoations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570.

In his Complaint, Plaintiff alleges that he is a kosher-observant Jew.  (Compl. ¶¶ 1, 22-23.)  In or about November 2003, Plaintiff and the DCDR entered into a settlement agreement, whereby the CDCR agreed to provide kosher meals so long as he was housed by CDCR and, if he was "transferred, relocated or removed to another prison within the [CDCR] kosher meals would be provided." (*Id.* ¶¶ 1, 29, Ex. A.)  Plaintiff alleges that he was transferred to the California Institution for Men but, despite "numerous administrative requests and requests by his counsel" has not been provided with kosher meals.  (*Id.* ¶ 1, 30-32.)  Plaintiff also alleges that after he demanded to be provided kosher meals, he was denied a hearing before the Board of Prison Terms relating to the possibility of early release.  (*Id.* ¶¶ 63-68.)   Plaintiff alleges that the CDCR and the other named Defendants engaged in retaliation and violated his first amendment rights, and he seeks relief pursuant to 42 U.S.C. section 1983.  He also alleges that Defendants actions violated the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. section 2000CC ("RLUIPA").  Finally, he asserts a state law claim for breach of contract based on an alleged breach of the provisions of the settlement agreement.

When the Court construes these claims liberally, it concludes that the case survives this screening Order, and Defendants should answer or otherwise respond to the Complaint by no later than February 17, 2016.  The parties shall appear for an initial case management conference on March 18, 2016, and they shall file a joint case management statement by no later than March 11, 2016.

**IT IS SO ORDERED.**

Dated: January 20, 2016

_____
JEFFREY S. WHITE
United States District Judge

2